UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 02-cr-00217-REB
(Civil Action No. 04-cv-0914-REB)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

ERNEST NORMAN SHAIFER, aka HANIF,

    Defendant-Movant.

_____

**ORDER DENYING DEFENDANT'S SUPPLEMENT TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**
_____

**Blackburn, J.**

The matter before me is defendant-movant's **Supplement to Motion to Vacate Set Aside, or Correct Sentence Pursuant to § 2255** [#85] filed September 15, 2004. I deny the motion to supplement generally for the reasons stated, arguments advanced and authorities cited by the government in its **Government's Response to Defendant's "Supplement to Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255"** [#90] filed July 29, 2005, which needs no further festooned analysis.[1]

Defendant's supplemental claim is that, in light of the Supreme Court's decision in ***Blakely v. Washington***, 542 U.S. 296 (2004), and the opinion of Circuit Judge

---

[1] In further support of my ruling, I approve, adopt, and incorporate also my findings of fact, conclusions of law and orders issued vis-à-vis defendant's **Motion to Vacate Set Aside, or Correct Sentence Pursuant to § 2255** [#77] filed May 5, 2004.

Posner in **United States v. Booker**, 375 F.3d 508 (7th Cir. 2004), before that case went to the Supreme Court, see **United States v. Booker**, 543 U.S. 220 (2005), the judgment of this court must be vacated because, although defendant concedes that he admitted the facts upon which the Court based its application of various sentence enhancements under the United States Sentencing Guidelines, he alleges that he did so in the belief that without such an admission by him, the government need only have proved those facts by a preponderance of the evidence for sentencing purposes.  See [#85].

Having judicially noticed all relevant adjudicative facts in the file and record of this action *pro tanto*;[2] having considered the reasons stated, arguments advanced, and authorities cited by defendant in their papers; having construed defendant's position liberally as I must under **Haines v. Kerner**, 104 U.S. 519-21 (1972); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) and being sufficiently advised otherwise,[3] I find and conclude as follows:

1. Defendant's supplemental claim is an entirely new claim under § 2255 that was not previously raised by him in this court at any time before the government filed and served its responsive pleading to defendant's original § 2255 motion. Accordingly, defendant's original § 2255 motion may be amended by the addition of the new claim only by leave of the court upon a determination that "justice so

---

[2] Including the ratiocination and holding in **United States v. Shaifer**, No. 03-1246, 94 Fed. Appx. 756, 2004 WL 729259 at **1 (10th Cir. Apr. 6, 2004) (unpublished).

[3] The issues of fact and law raised by or inherent to the defendant's supplement are brief sufficiently; thus, obviating the necessity of evidentiary hearing or oral argument.

requires." **Fed.R.Civ. P.15(a)**.  However, in the instant case, justice does not require the addition of the new claim by amendment of the original § 2255 motion because the claim is procedurally barred and is otherwise plainly without merit.

2. The supplemental claim defendant now seeks to raise in his motion is procedurally barred.  defendant does not attempt to demonstrate cause and prejudice for his procedural default with respect to this claim, and can make no plausible claim of actual innocence or fundamental miscarriage of justice.  Indeed, he does not suggest that the facts he admitted to this court (upon which his sentence was, in part, based) are in any way inaccurate or untrue.  Instead, he merely implies that if he had known that a later Supreme Court decision, *Blakely*, would change the standard of proof for sentencing factors from a preponderance of the evidence (found by the judge) to beyond a reasonable doubt (found by a jury), he would not have admitted the facts which resulted in the enhancement of his sentence.  Thus, defendant does not assert that he is actually innocent of the conduct for which he was sentenced and that an injustice has therefore occurred; indeed, such an assertion would be patently frivolous.

3. Defendant's claim that, under *Blakely*, and perhaps *Booker*, he is entitled to be resentenced is without merit simply because those decisions are not retroactively applicable on collateral review of judgments which have become final.

**THEREFORE, IT IS ORDERED** that defendant's **Supplement to Motion to Vacate Set Aside, or Correct Sentence Pursuant to § 2255** [#85] filed September 15, 2004, **IS DENIED**.

Dated April 10, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**